UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHARMAINE PATRICE PAGE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-276-TLS |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff Charmaine Patrice Page, proceeding pro se, seeks review of the Commissioner of the Social Security Administration's final decision, which declined to reopen her prior claims for childhood disability benefits based on the doctrine of administrative res judicata. For the reasons set forth below, the Court finds that the ALJ appropriately applied administrative res judicata and did not reconsider or reopen the merits of the Plaintiff's prior claim. Accordingly, the Court does not have subject matter jurisdiction to consider the Plaintiff's arguments on the merits of her claim for benefits.

**STANDARD FOR CHILDHOOD DIABILITY BENEFITS AND
RELEVANT LEGAL STANDARDS APPLIED BY THE ALJS**

To qualify for childhood disability benefits, an individual must: file an application; be the child of a wage earner who died currently or fully insured; be unmarried and either (1) under age 18 or a full-time secondary school student under age 19 or (2) be under a disability that began before age 22; and have been dependent upon the wage earner at the time of his or her death. 42 U.S.C. § 402(d)(1); *see also* 20 C.F.R. § 404.350(a). If an individual marries, the individual's entitlement to child disability benefits ends, unless the individual is age 18 or older, disabled, and

marries someone who is entitled to Title II benefits. 20 C.F.R. § 404.352(b)(4). Under agency policy, a marriage ended by death or divorce precludes reentitlement to childhood disability benefits, unless the marriage was void or annulled. POMS DI 10115.035A; *Id.* GN 00305.125; *Id.* GN 00305.130.[1] When a court enters an annulment decree nunc pro tunc with an effective date in the past, the effective date controls, rather than the date the decree was entered. *Id.* GN 00305.130(B)(1)(b). A prior agency determination based on a marriage that is later found to be void is subject to the rules of administrative finality. *Id.* GN 00305.125(B)(2).

Under the rules of administrative finality, if an individual is dissatisfied with a determination or decision but does not request further review within the applicable time period, the individual loses the right to further review and the determination or decision becomes final, except as it may be reopened and revised. 20 C.F.R. § 404.987. The regulations provide that a determination or decision may be reopened (a) for any reason within twelve months of the date of the initial determination; (b) within four years of the date of the notice if good cause is found; or (c) at any time if one of several listed conditions is met, including if the determination or decision "was obtained by fraud or similar fault." *Id.* § 404.988.

"Fraud" exists when a person, with intent to defraud, either makes or causes to be made a false statement or misrepresentation of material fact for use in determining rights to a Social Security benefit or conceals or fails to disclose a material fact for use in determining rights to a Social Security benefit. *See* AR 57, ECF No. 28 (citing then-current POMS GN 04020.010(A)(1)); AR 167 (same); *see also* POMS DI 27505.015 ("Fraud or Similar Fault – Reopenings," eff. July 7, 2022). "Similar fault" exists when a person knowingly makes an incorrect or incomplete statement that is material to the determination or knowingly conceals

---

[1] The Social Security Administration's Program Operations Manual System (POMS) can be found at https://secure.ssa.gov/apps10/poms.nsf/partlist!OpenView (last visited July 11, 2022).

information that is material to the determination. AR 57 (citing then-current POMS GN 04020.010(A)(2)); AR 167 (same); *see also* POMS DI 27505.015.

Finally, the regulations provide that an ALJ may dismiss a claimant's request for a hearing based on administrative res judicata when "a previous determination or decision" has been made "about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1); *see also* POMS GN 04040.010 (providing that res judicata applies when a determination on a prior claim has become administratively final and the claimant files a new claim under the same title of the Act that involves the same person, issues, and facts).

## PROCEDURAL BACKGROUND

**A.     The Plaintiff's First Application for Childhood Disability Benefits and the August 26, 2005 Cessation Determination**

The Plaintiff applied for childhood disability benefits on December 15, 2003. AR 167. The agency found that the Plaintiff met the criteria for childhood disability benefits as of September 6, 2002, and began issuing benefit payments. *Id.* On August 26, 2005, the agency found that, due to her marriage to Emmitt Finan on June 1, 2005, the Plaintiff was no longer entitled to childhood disability benefits. AR 167–68. The Plaintiff did not appeal that cessation determination; therefore, it became administratively final. AR 168; *see Johnson v. Sullivan*, 936 F.2d 974, 974 (7th Cir. 1991).

**B.     The Plaintiff's Subsequent Substantial Gainful Work Activity**

The Plaintiff then returned to work. AR 168. It was determined in 2010 that the Plaintiff successfully completed her trial work period and that her disability ceased based on her substantial gainful work activity. *Id.* There is no evidence in the record that she appealed this determination. *Id.* In November 2010, the Plaintiff filed a new application for disability benefits

3

on her own earnings record. *Id.* She was found to be disabled as of February 28, 2010, began receiving disability benefits, and was paid directly. *Id.* She did not pursue a claim for childhood disability benefits at that time. *Id.*

C.  **The April 15, 2011 Application for Childhood Disability Benefits**

On April 15, 2011,[2] the Plaintiff submitted a new application for childhood disability benefits, which the agency denied at the initial level of administrative review on April 22, 2011. AR 24–30, 40, 58. The Plaintiff did not appeal this denial; therefore, it became administratively final. AR 58, 168; *see Johnson*, 936 F.2d at 974.

D.  **The April 13, 2012 Application for Childhood Disability Benefits and the April 4, 2013 ALJ Decision**

On April 13, 2012, the Plaintiff submitted another new application for childhood disability benefits. AR 31–39. In support of the claim, she submitted a Nunc Pro Tunc Order, which had been granted by the Allen County Circuit Court in May 2012, effective June 1, 2005, rendering her marriage to Mr. Finan null and void. AR 76–77, 58–59, 168. The agency denied the claim at the initial and reconsideration levels of administrative review, and the Plaintiff requested a hearing. AR 49–51, 59, 168.

On April 4, 2013, an ALJ issued a hearing decision denying the Plaintiff's claim for childhood disability benefits. AR 55–61. First, the ALJ found that the Plaintiff was not entitled to childhood disability benefits as of June 2005 based on her initial December 15, 2003 application. AR 57, 61. The Plaintiff argued that fraud had been perpetrated on her by Mr. Finan and, thus, because the August 26, 2005 cessation of her childhood disability benefits was based on her fraudulent marriage, the cessation determination can be reopened and revised at any time. AR

---

[2] Although the ALJ's decision reports that the application was filed on March 30, 2011, AR 168, the documents in the administrative record reflect a filing date of April 15, 2011, AR 24–30, 40.

59. The ALJ disagreed, finding that the Plaintiff was not entitled to unrestricted reopening because, although Mr. Finan may have perpetrated a fraud against the Plaintiff, neither fraud nor similar fault were committed to determine the Plaintiff's rights to childhood disability benefits. *Id.* Therefore, the ALJ found that the August 26, 2005 cessation determination was too old to be reopened based on the rules of administrative finality. *Id.*

Second, the ALJ also found that the Plaintiff was not entitled to childhood disability benefits based on her applications in 2011 and 2012. AR 60. The ALJ again noted that there was no evidence of fraud or similar fault committed in relation to the determination of the Plaintiff's rights to benefits in 2005 notwithstanding the void marriage. *Id.* The ALJ then found that the Plaintiff was not entitled to benefits on her new applications because (1) her childhood disability benefits were terminated in 2005 due to marriage and not due to medical recovery or substantial gainful activity and (2) the Plaintiff engaged in substantial gainful activity after she attained age 22 and her new period of disability began after she attained age 22. AR 60–61.

On March 27, 2015, the Appeals Council denied the Plaintiff's request for review. AR 169. The Plaintiff filed a complaint in federal court seeking judicial review of the agency's final decision; the court dismissed the Complaint as untimely. AR 64–67.

E.     **The March 17, 2016 Application for Childhood Disability Benefits and the February 22, 2020 ALJ Decision Currently Under Review**

On March 17, 2016, the Plaintiff submitted another new application for childhood disability benefits, which is the basis of the instant federal complaint. AR 68–69. The claim was denied initially and on reconsideration based on the doctrine of res judicata. AR 70–72, 78–80. Following a hearing on December 6, 2017, an ALJ issued a decision on February 22, 2018, finding that the Plaintiff was not entitled to childhood disability benefits based on administrative res judicata. AR 15–20. On July 31, 2018, the Appeals Council denied the Plaintiff's request for

5

review. AR 4–6. On September 6, 2018, the Plaintiff filed a Complaint [ECF No. 1] in this Court seeking judicial review of the agency's final decision. On February 26, 2019, the Court remanded the case based on a defective hearing recording. ECF No. 18. On remand, a different ALJ conducted an administrative hearing on February 3, 2020. AR 165.

On February 22, 2020, the ALJ issue a decision denying the Plaintiff's 2016 claim for childhood disability benefits, applying administrative res judicata based on the earlier decisions on the Plaintiff's 2011 and 2012 claims. AR 165–73.[3] The ALJ first set out the applicable legal standards, which were also set out in the 2013 decision. AR 165–67; *see* AR 55–57. Then, the ALJ described in detail the history of the Plaintiff's prior claims, including the 2003 claim for childhood disability benefits; the finding of disability as of September 6, 2002; the August 26, 2005 cessation determination based on the Plaintiff's June 1, 2005 marriage; the Plaintiff's return to work in 2010 and the subsequent finding of disability based on her own earnings record; the denial of the April 15, 2011 claim and the lack of an appeal; and the April 13, 2012 claim and the ALJ's April 4, 2013 decision based on res judicata, including the decision on the Plaintiff's allegation of fraud and reliance on the 2012 Nunc Pro Tunc Order annulling her marriage. AR 167–69.

Next, the ALJ discussed the Plaintiff's arguments made in support of her current 2016 claim. AR 169. The ALJ noted that, at the February 2020 hearing, the Plaintiff again argued that the August 2005 determination can be reopened at any time due to the fraud that was perpetrated against her by Mr. Finan related to their marriage. *Id.* Finally, the ALJ found that the 2016 claim involves the same type of claim, issues, facts, parties, and administrative period as the claims filed in 2011 and 2012. *Id.* The ALJ further noted that, at the December 2017 hearing, the

---

[3] The ALJ's decision reflects an incorrect date stamp of February 22, 2019. See AR 162, 164, 170, 174.

Plaintiff testified that she had no new and material evidence with regard to the claim and that, at the February 2020 hearing, she did not produce any new and material evidence. *Id*. As a result, the ALJ concluded that the doctrine of res judicata applies and that, as a result, the Plaintiff is not entitled to childhood disability benefits based on her applications in 2011, 2012, and 2016.[4] AR 169–70.

The Plaintiff did not file exceptions to the ALJ's decision, and the Appeals Council did not assume jurisdiction of the case. Thus, the ALJ's February 22, 2020 decision became the Commissioner's final decision for purposes of judicial review. On November 29, 2021, the Court reopened this federal case on the Plaintiff's motion. ECF No. 29. The Plaintiff filed an opening brief [ECF No. 31], the Commissioner filed a response [ECF No. 38], and the Plaintiff filed a reply [ECF No. 39].

**ANALYSIS**

The Plaintiff is appealing the ALJ's February 22, 2020 decision, arguing that the issues of age for entitlement, work activity and entitlement, and void marriage should be reconsidered and resolved on the merits. In response, the Commissioner argues that the ALJ's decision based on res judicata is not within this Court's jurisdiction to review.

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). However, an ALJ's refusal to reopen a prior, administratively final decision or an ALJ's decision to apply administrative res judicata is discretionary and, thus, typically not

---

[4] Social Security Ruling 91-5p requires an ALJ to consider whether mental incapacity prevented a plaintiff from timely requesting review of the agency's prior determinations on her claims for childhood disability benefits, and SSR 91-5p also applies when an ALJ is determining whether to dismiss based on res judicata. *See* SSR 91-5p, at *1, 2, 1991 WL 208067 (July 1, 1991). Thus, the ALJs in both the 2013 and 2020 decisions considered the Plaintiff's mental condition with regard to her appeal rights and found that the Plaintiff is not mentally incompetent or incapable of managing her benefits. AR 59, 170. This finding is not the basis of the ALJ's res judicata determination, nor is it the basis of the Plaintiff's federal complaint. *See* ECF Nos. 1, 31.

7

within a court's jurisdiction to review. *Johnson*, 936 F.2d at 976. Courts have recognized two instances in which such review is nevertheless permissible. First, a court may review an ALJ's decision not to reopen when the claimant challenges the decision on constitutional grounds. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977). Second, because a court has jurisdiction to determine its own jurisdiction, a court may review the ALJ's decision to determine whether administrative res judicata was appropriately applied. *See McGee v. Bowen*, 647 F. Supp. 1238, 1244–45 (N.D. Ill. 1986) (citing *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981)); *Krizan v. Apfel*, 35 F. Supp. 2d 672, 675, 677 (N.D. Ind. 1999) (same); *McLachlan v. Astrue*, 703 F. Supp. 2d 791, 795 (N.D. Ill. 2010) (same); *Dixon v. Bowen*, 695 F. Supp. 935, 938 (N.D. Ill. 1988) (same); *see Johnson*, 936 F.2d at 976 (same).

Here, the Plaintiff has not challenged the ALJ's decision on constitutional grounds. Thus, the sole issue before the Court is whether the ALJ appropriately applied administrative res judicata in deciding not to reopen the Plaintiff's prior claims for childhood disability benefits. To make this determination, the Court considers whether the claims at issue are, in fact, the same and whether the ALJ reconsidered or reopened—either explicitly or implicitly—the merits of any substantive matter from a prior claim. *Krizan*, 35 F. Supp. 2d at 675; *see also McGee*, 647 F. Supp. at 1245. "[W]hen a decision has been reopened and reconsidered on the merits to any extent, the Secretary is estopped from asserting *res judicata*. The new decision on the merits is subject to judicial review." *Johnson*, 936 F.2d at 976; *see also Polli v. Berryhill*, No. 17 C 1102, 2017 WL 6626038, at *2 (N.D. Ill. Dec. 27, 2017) ("Although judicial review of whether the Commissioner should reopen a decision is very limited, a court may determine if the Commissioner actually has reopened a decision." (citing *Alfreds v. Colvin*, 618 F. App'x 289, 290 (7th Cir. 2015); *Strietelmeier v. Berryhill*, No. 2:16-CV-89, 2017 WL 4250860, at *3 (N.D.

8

Ind. Sept. 25, 2017); *Ritchie v. Berryhill*, No. 1:15-CV-299, 2017 WL 3947541, at *4 (N.D. Ind. Sept. 8, 2017))).

First, the Plaintiff's 2016 claim is the same as her 2011 and 2012 claims seeking the same type of Title II benefits, namely childhood disability benefits. Second, the Court finds that the ALJ's 2020 decision did not consider the merits or any substantive issue from any prior claim for childhood disability benefits. Importantly, the fact that the ALJ held a hearing and considered the prior proceedings to determine whether to apply administrative res judicata does not amount to a decision on the merits. *See McGee*, 647 F. Supp. at 1245 ("The ALJ can, of course, make enough use of the record to determine if *res judicata* is appropriate. Such use does not effect a constructive reopening."); *Polli*, 2017 WL 6626038, at *4 (finding that the ALJ's discussion of the record and the merits of the application in the dismissal order did not turn the decision based on res judicata into a decision on the merits). In order to explain why res judicata bars the instant 2016 claim, the ALJ provided the background of the Plaintiff's prior claims and the related decisions, the legal provisions governing childhood disability benefits and the rules of administrative finality relied on in the 2013 decision, and the Plaintiff's current arguments.

More specifically, the ALJ noted that the Plaintiff argued at the February 2020 hearing that the ALJ should reopen and revise the agency's August 26, 2005 cessation determination under the fraud exception to the rules of administrative finality based on evidence showing that her marriage was annulled pursuant to the 2012 state court Nunc Pro Tunc Order. AR 169, 178–80. The ALJ explained that the Plaintiff had presented the same argument and evidence in support of her 2012 claim, which was addressed and decided in the 2013 decision. AR 168–69. And, the ALJ noted that the 2013 decision found that the 2005 claim could not be reopened "at any time" under the fraud exception because no fraud was committed in determining the

Plaintiff's entitlement to childhood disability benefits in 2005. AR 169. Thus, the ALJ did not consider the merits of the Plaintiff's claim but rather discussed the record only to the extent necessary to determine that res judicata applies. *See, e.g.*, *Ali v. Bowen*, No. 85 C 9368, 1987 WL 8636, at *2 (N.D. Ill. Mar. 25, 1987).

Accordingly, because the claims are the same and because the ALJ did not reconsider or reopen any claims in determining that administrative res judicata bars the Plaintiff's claim, the court lacks jurisdiction to review the ALJ's decision.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Plaintiff's Complaint for lack of jurisdiction.

SO ORDERED on July 11, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
